```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| VESAL YAGHOOBI,<br><br>       Plaintiffs,<br><br>v.<br><br>TUFTS HEALTH PLAN, et al.,<br><br>       Defendants. | No. 23-CV-12479-DLC |

**ORDER ON MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND APPOINTMENT OF COUNSEL, ORDER TO REASSIGN TO A DISTRICT JUDGE AND REPORT AND RECOMMENDATION OF DISMISSAL**

CABELL, U.S.M.J.

## I. INTRODUCTION

On October 23, 2023, Vesal Yaghoobi, who lives in Fairfax, Virginia, filed a *pro se* complaint against Tufts Medicine and Tufts Health Plan concerning alleged irregularities in Yaghoobi's medical records. (D. 1). At the same time, she filed a motion for leave to proceed *in forma pauperis* (D. 2) and a motion for appointment of counsel (D. 3). On January 8, 2024, the Court denied both motions without prejudice and directed Yaghoobi to resolve the filing fee and file an amended complaint to cure an apparent absence of subject matter jurisdiction. (D. 6).

Now before the Court are Yaghoobi's renewed motions for leave to proceed *in forma pauperis* (D. 7, 10), motion for appointment of counsel (D. 8), and amended complaint (D. 9). For the reasons stated below, the Court will grant the motions for leave to proceed *in forma pauperis*, deny without prejudice the motion for appointment of counsel, order the Clerk of Court to reassign this action to a District Judge, and recommend to the District Judge that this action be dismissed.

## II.   MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Yaghoobi's renewed motions for leave to proceed *in forma pauperis* (D. 7, 10), the Court GRANTS the same.

## III.  MOTION FOR APPOINTMENT OF COUNSEL

In its January 8, 2024 order, the Court denied Yaghoobi's motion for appointment of counsel without prejudice, noting the apparent absence of a claim over which the Court has subject matter jurisdiction. (D. 6 at 7). The Court stated that Yaghoobi could renew her motions for counsel if the Court later orders that summonses issue and the defendants have responded to the operative pleading. (*Id.*).

As set forth below, the Court will recommend to the District Court that this action be dismissed for lack of subject matter jurisdiction. Therefore, there is no basis for the Court to appoint counsel at this time. Accordingly, the motion for appointment of counsel (D. 8) is DENIED.

2

## IV. <u>ORDER TO REASSIGN CASE TO A DISTRICT JUDGE</u>

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. The parties are required to inform the Court within 30 days of service of the last party whether they consent or refuse to consent to the final jurisdiction of a Magistrate Judge. Absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to dismiss a complaint for failure to state a claim upon which relief may be granted or otherwise involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A).

This action was drawn to the undersigned Magistrate Judge under the above-described protocol. The parties to this action have not indicated whether they consent or refuse to consent to the jurisdiction of the Magistrate Judge. This is to be expected where, as here, summonses do not issue pending the Court's preliminary screening of the complaint.[1]

As set forth below, this Court concludes that this action is subject to *sua sponte* dismissal for lack of subject matter jurisdiction. However, because the parties have not consented to the final assignment of this case to the Magistrate Judge, the

---

[1] Indeed, a defendant in such an action may not even be aware of the pending lawsuit.

Court cannot dismiss the action. For that reason, the Court will order that the Clerk of Court reassign this case to a District Judge.

V.  **ORIGINAL COMPLAINT**

In her original complaint, Yaghoobi stated that on June 29, 2023, she received medical care at Tufts Medical Center for a sore throat. (D. 1 at 16). According to Yaghoobi, when she reviewed the bill for this care and her medical records at Tufts Medicine, she discovered that some of her medical records were "hidden" and also discovered other "discrepancies that raise[d] serious concerns about the handling and transparency of her health information." (*Id.* at 15, 16). Yaghoobi claimed her subsequent requests for clarification and correction of available information and for additional particulars had been unsuccessful. Yaghoobi stated that "she ha[d] been severely disturbed" by this experience and that the alleged events had "made [her] lose trust in the United States medical system which would negatively affect [her] career as a Physician." (*Id.* at 21). In her prayer for relief, she asked that the defendants be required to answer specific questions about her medical records. She did not ask for monetary damages.

In the original complaint, Yaghoobi invoked the Court's federal question jurisdiction and contends that the defendants are liable to her under the federal Health Insurance Portability and

4

Accountability Act of 1996, Pub.L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA") and the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*Id.* at 3).

## VI. ORDER ON THE ORIGINAL COMPLAINT

Inquiring *sua sponte* into its own jurisdiction over Yaghoobi's claims,[2] in its January 8, 2024 order, the Court found that Yaghoobi's claim under HIPAA was not cognizable because HIPAA does not provide for a private right of action. (D. 6 at 4). The Court also found that the RICO claim failed because Yaghoobi's allegations did not adequately plead a RICO violation or a cognizable injury under the RICO statute. (*Id.* at 4-5). Although Yaghoobi had not invoked the Court's diversity subject matter jurisdiction, the Court noted that, even if the parties were of diverse citizenship, nothing in the complaint indicated that the amount in controversy exceeded $75,000. (*Id.* at 5-6).

## VII. AMENDED COMPLAINT

On March 5, 2024, Yaghoobi filed an amended complaint against the original defendants and Point23Health INC. (D. 9). Instead of indicating whether she is relying on the Court's federal question subject matter jurisdiction or diversity subject matter jurisdiction, Yaghoobi states that she is invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1367. (*Id.* at 3).

---

[2] Because the Court had denied Yaghoobi's motion for leave to proceed *in forma pauperis*, the Court reviewed the complaint to inquire into its own jurisdiction rather than under 28 U.S.C. § 1915(e)(2).

5

As with the original complaint, Yaghoobi's claims in the amended complaint arise from medical treatment she received at Tufts Medical Center on June 29, 2023 for a sore throat. (D. 9-1 at 2 ¶ 1). Yaghoobi summarizes her claims as follows:

> The plaintiff claims that the defendants, Tufts Medical Center, Tufts Medicine, and Tufts Health Plan, have engaged in improper billing practices, failed to maintain transparency and accuracy in medical documentation and billing, and have not adhered to the terms of the health insurance policy held by the plaintiff. These actions have resulted in undue stress, confusion, and financial burden on the plaintiff.

(D. 9-1 at 2).

As with the original complaint, Yaghoobi's amended complaint arises from medical treatment she received at Tufts Medical Center on June 29, 2023 for a sore throat. (D. 9-1 at 2).[3] Yaghoobi later received bill for $1,813.00 for this visit from Tufts Medicine, which is the "billing entity associated with Tufts Medical Center." (*Id.*). "Upon reviewing the bill and her medical records, [Yaghoobi] discovered discrepancies that led to concerns regarding the accuracy and transparency of the billing process and the handling of her health information by Tufts Medicine." (D. 9-1 at 2 ¶ 2). She found "inconsistencies in the information shared between Tufts Medical Center and her health insurer, Tufts Health Plan (point23health)," and that Tufts Health Plan had not generated

---

[3] For the purpose of this Report and Recommendation, the Court treats all well-pled factual allegations in the amended complaint as true.

6

"Explanation of Benefits" ("EOB") documents with regard to her medical visits. (D. 9-1 at 2 ¶¶ 3-4). In addition, "bills from Tufts Medicine did not accurately reflect the claims or the total cost of the visit as documented," and the billed co-payment was not the same amount as the co-payment under her insurance plan. (D. 9-1 at 2 ¶ 5). Further, Yaghoobi's medical record "is being withheld, contributing to her concerns over the discrepancies observed in the billing and the information on her health insurance claim." (D. 9-1 at 2 ¶ 6).

In her prayer for relief, Yaghoobi asks that "all billing and medical record discrepancies related to the plaintiff's visit on June 29, 2023" be corrected, and that Tufts Health Plan issue accurate EOBs. (D. 9-1 at 2-3 ¶¶ 1-2). Yaghoobi also seeks "compensation for any financial losses incurred due to incorrect billing, including any overpayments or incorrect charges levied by the defendants." (D. 9-1 at 3 ¶ 3). In addition, Yaghoobi requests "a declaration of her rights under her health insurance policy with Tufts Health Plan," and "any further legal and equitable relief deemed just and proper by the court, including but not limited to attorney's fees and costs associated with this action." (D. 9-1 at 3 ¶¶ 4-5).

## VIII.   SUBJECT MATTER JURISDICTION

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1,

5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal district courts have original subject matter jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship[4] and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity does

---

[4] "For purposes of diversity, a person is a citizen of the state in which he is domiciled." *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008). A corporation is deemed to be a citizen of every state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).

8

not exist where any defendant and any plaintiff are citizens of the same state. *See id.*

Where original federal subject matter jurisdiction under § 1331 or § 1332 exists, pursuant to 28 U.S.C. § 1367 ("§ 1367"), a Court may, at its discretion, exercise "supplemental" subject matter jurisdiction over related claims, even though the supplemental claims do not provide a basis for original jurisdiction. Section 1367 provides, in relevant part: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are . . . related to claims in the action within such original jurisdiction . . . ." 28 U.S.C. § 1367(a); *see also Wisc. Dep't of Corr. v. Shacht*, 524 U.S. 381, 387 (1998) ("Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" (quoting 28 U.S.C. § 1367(a))).

Here, Yaghoobi invokes § 1367 as a basis for this Court's subject matter jurisdiction. However, § 1367 is not a source of original jurisdiction and Yaghoobi has not identified a claim arising under federal law that would provide a basis for jurisdiction under § 1331. For its part, the Court also cannot discern a federal claim from the alleged facts.

9

Further, even assuming that the parties are of diverse citizenship and that the defendants' alleged misconduct is actionable under state law, Yaghoobi's claims, as pled, do not establish a basis for subject matter jurisdiction under § 1332. Yaghoobi does not identify the amount in controversy, *see Andersen v. Vagaro, Inc.*, 57 4th 11, 14 (1st Cir. 2023) ("The party invoking diversity jurisdiction bears the burden of establishing that the amount-in-controversy requirement is satisfied."), and the Court cannot infer from the amended complaint that the amount in controversy exceeds $75,000.  Yaghoobi asks for compensatory damages, but she does not ask for a specific amount.  Her claims— which concern medical billing, medical records, and insurance billing--arise from health care for which she was charged $1,813. She claims that the defendants' actions "have resulted in undue stress, confusion, and financial burden on the plaintiff," (D. 9-1 at 2), but she does not identify the nature or amount of that financial burden and nothing in the amended complaint suggests that any damages for emotional distress would satisfy the jurisdictional amount.

Because the amended complaint does not set forth a claim over which the Court has original subject matter jurisdiction, the Court recommends that this action be dismissed for lack of subject matter jurisdiction.

10

**IX.   CONCLUSION**

In accordance with the foregoing discussion, the motions for leave to proceed *in forma pauperis* (D. 7, 10) are **GRANTED**. The motion for appointment of counsel (D. 8) is **DENIED**. The Court **ORDERS** that this action be reassigned to a District Judge. The Court further **RECOMMENDS**[5] to the District Judge to whom the action is assigned that the action be **DISMISSED** in its entirety for lack of subject matter jurisdiction.

So ordered.

/S/Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  April 1, 2024

---

[5]   The parties are advised that, under Fed. R. Civ. P. 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).